UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH GOSS, et al.,<br><br>Defendants. | Case No. 3:17-cv-02710-JD<br><br>**ORDER RE STAY**<br><br>Re: Dkt. No. 9 |

Defendant Elizabeth Goss and her now-deceased husband James Goss were insured by plaintiffs Certain Underwriters at Lloyds, London ("Underwriters") for "bodily injury caused by an occurrence to which this coverage applies." Dkt. No. 1 at 3-4. In October 2015, James Goss was arrested for the murder of Robert Lawless. Dkt. No. 1 at 5-6. James Goss died in custody, and Robert Lawless's heir filed a civil complaint in California state court against Elizabeth Goss as the representative and administrator of James Goss's estate. *Id.* at 6. The state action is currently set for trial on October 30, 2017. Dkt. No. 20 at 6. Underwriters agreed to provide a defense for Goss while reserving their rights to seek reimbursement of defense costs. Dkt. No. 1 at 8-9. Underwriters seek in this case a declaration that they have no duty to defend or indemnify Goss in the state action, and for reimbursements of costs paid to date. *Id.* at 9-10.

In an action under the Declaratory Judgment Act, a court may, but is not required to, declare the rights and other legal relations of any interested party seeking such a declaration. 28 U.S.C. § 2201(a). In deciding whether to exercise jurisdiction, a district court should "avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. If there are

parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. . . . However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

*Dizol* counsels in favor of staying this case while the state action is tried. On its face, the Underwriters' complaint would require the Court to resolve disputes of fact and law that are squarely at issue in the underlying state action. The policy covers claims for damages due to "bodily injury" caused by an "occurrence," defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Dkt. No. 1 at 4. The policy excludes liability for injury or payments "arising out of an assault or battery . . . committed by any Insured." *Id.* at 5. To determine Underwriters' duties to defend and indemnify, the Court would need to determine whether James Goss was involuntarily intoxicated, and if so, whether under California law, Lawless's injuries arose out of a covered "occurrence" or an excluded "assault or battery." As Underwriters acknowledge, those legal questions are unsettled in California. Dkt. No. 14 at 8. *See, e.g.*, *Beckwith v. State Farm Fire & Casualty Co.*, 120 Nev. 23 (Nev. 2004) (coverage for accidents depends on whether intoxication was voluntary or not) (Agosti, J., concurring). And these questions of fact and law are among the ones the state court trial will decide.

Going forward here in a parallel proceeding would also likely prejudice Goss in the state action. If, for example, Goss were to argue in the underlying state action that James Goss was involuntarily incapacitated, she would be prejudiced if Underwriters were to argue in federal court that James was voluntarily incapacitated. Where "the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious. This is the classic situation in which the declaratory relief action should be stayed." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 302 (Cal. 1993).

Consequently, Goss's motion to stay this case pending resolution of the state trial is

granted.  The parties should promptly update the Court on any developments in the state case.

**IT IS SO ORDERED.**

Dated:  October 16, 2017

JAMES DONATO
United States District Judge